UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT ANTHONY RECANATI, : | |
| : | |
| Plaintiff, : | Civ. No. 24-05131 (JKS-MAH) |
| : | |
| v. : | |
| : | **MEMORANDUM OPINION** |
| BERGEN COUNTY SHERIFFS et al., : | |
| : | |
| Defendants. : | |

**IT APPEARING THAT:**

1. On or about April 16, 2024, Plaintiff Scott Anthony Recanati, an inmate confined at the Bergen County Jail ("BCJ"), in Hackensack, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff, however, did not pay the appropriate filing fee nor file an application to proceed *in forma pauperis* ("IFP application"). Accordingly, on May 13, 2024, the Court administratively terminated this action, but gave Plaintiff the opportunity to reopen the action by paying the filing fee or submitting a completed IFP application (ECF No. 3).

2. On or about May 23, 2024, Plaintiff filed an IFP application (ECF No. 4). This Court granted Plaintiff's application to proceed without payment of the filing fee ("IFP application") under 28 U.S.C. § 1915(a).

3. Because Plaintiff was granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that

for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 [3d Cir. 2000]).

4.    In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5.    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover,

while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. Plaintiff names the following defendants to this action: Bergen County Sheriff's Office; County of Bergen; Sheriff's Officer Michael Albanese; and Sheriff's Officer Spelleo Cruz, the spelling of whose name is in question. This Court liberally construes the claims against Albense and Cruz as brought against them in their personal and official capacities for damages and injunctive relief.

7. Plaintiff alleges the following facts in support of his claims under 42 U.S.C. § 1983.

8. On or about September 26, 2022, at about 3:50 p.m., Officers Albanese and Cruz were with Plaintiff along the South Corridor Hallway – in front of the S-1 Housing Unit – at the Bergen County Jail. Plaintiff was handcuffed.

9. Officers Albanese and Cruz pushed Plaintiff to the ground and began kicking and punching him in the head.[1] Plaintiff came in and out of consciousness and recalls only that, after the incident, he was given a "write-up" by Sergeant Blondecourt, and he spent a month in solitary confinement. While in solitary confinement, he filed sick call slips because he felt nauseous, dizzy, and could not hear out of his left ear.

---

[1] Plaintiff alleges that there are cameras in front of the S-1 Housing Unit that would have recorded this incident. In his complaint, Plaintiff states several times to "see attachments" of what he purports to be the video of the incident. The Court notes, however, that no attachments or video have been received. In any event, Plaintiff is not required to attach proof of his claims to his complaint. Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim to put the defendants on notice of the allegations.

10. Plaintiff claims that his sick call slips were ignored, and that he did not receive any medical treatment for his injuries. This prompted Plaintiff to file a grievance, which he claims was also ignored.

11. Plaintiff alleges he suffers from severe headaches, migraines, dizziness, and ringing and reduced hearing in his left ear, caused by the beating he suffered from Defendants Albanese and Cruz

12. Plaintiff alleges that Defendants' conduct violated his Eighth Amendment right to be free from cruel and unusual punishment. The Court liberally construes Plaintiff's claims – excessive force by the Officers and inadequate medical care from the County– as arising under the Fourteenth Amendment, as he was a pretrial detainee in a county facility. *Bell v. Wolfish*, 441 U.S. 520, 530-35 (1979); *Kingsley v. Hendrickson*, 576 U.S. 379 (2015) (excessive force claim); *Natale v. Camden County Correctional Facility*, 318 F.3d 575 (2003) (inadequate medical care claim).

13. Plaintiff's Fourteenth Amendment due process claims for excessive force and inadequate medical care against the County of Bergen and Bergen County Sheriff's Office are **DISMISSED** without prejudice for failure to state a claim. *See Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978). Under *Monell*, a county may not be sued "solely because it employs" those individuals who are alleged to have violated the plaintiff's constitutional rights *See Id.* at 691. Rather, for *Monell* claims to proceed, Plaintiff must allege that the County's policies or customs were "the moving force" behind the constitutional violations alleged in the complaint. Accordingly, having failed to do so in his complaint, the Court dismisses Plaintiff's claims against Bergen County and Bergen County Sheriff's Office without prejudice. The Court grants Plaintiff leave to file an amended complaint, within thirty days of the date of

entry of the Court's Order, if he can cure the pleading deficiency against Bergen County and Bergen County Sheriff's Office.

14. Plaintiff's complaint, which has been liberally construed as arising under the Fourteenth Amendment – alleging that Officers Michael Albanese and Spelleo Cruz, in their individual and official capacities, utilized excessive force against Plaintiff – shall **PROCEED**.

15. In conclusion, this Court, upon *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) will dismiss in part and proceed in part Plaintiff's § 1983 claims.

An appropriate order follows.

*/s/ Jamel K. Semper*
Hon. Jamel K. Semper
United States District Judge

Dated: March 14, 2025